UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIGN & GRAPHICS OPERATIONS LLC,

        Petitioner,

v.

BEGOTTEN SON CORP., PHIL MCINTYRE, and ANITA KAY MCINTYRE,

        Respondents.
_____/

Case No. 19-cv-12727

Paul D. Borman
United States District Judge

Anthony P. Patti
United States Magistrate Judge

OPINION & ORDER GRANTING PETITIONER'S MOTION
FOR DEFAULT JUDGMENT (ECF NO. 15)

## I.    INTRODUCTION

Now before the Court is the Motion for Default Judgment filed by Petitioner Sign & Graphics Operations LLC (SGO) regarding its Petition to Confirm Arbitration Award. (ECF No. 15.) Respondents, Begotten Son Corp. (Begotten), Phil McIntyre, and Anita Kay McIntyre, have not appeared in or otherwise defended this action, resulting in the Clerk of Court entering a default for each Respondent on November 20, 2019. (ECF Nos. 12, 13, 14.) Petitioner now moves for a default judgment under Federal Rule of Civil Procedure 55(b)(1). (ECF No. 15, Motion for Default Judgment.) For the reasons that follow, the Court grants Petitioner's Motion.

## II. FACTS

Because a default has been entered, all Plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, the following account of facts is taken from the Petition. (ECF No. 1.)

On April 14, 2016, SGO and Begotten entered into a franchise agreement, in which SGO, the franchisor, authorized Begotten, the franchisee, to offer sign and graphic communications under SGO's Image360 brand. (ECF No. 1, Petition, PgID 1–2, ¶¶ 1–2.) Respondents Phil and Anita McIntyre each personally guaranteed Begotten's obligations under the agreement. (*Id.* at PgID 2, ¶ 2.)

On October 6, 2017, Respondents sued SGO in Texas state court for breach of contract and other related claims. (*Id.* at PgID 2, ¶ 3.) SGO removed the case to the United States District Court for the Southern District of Texas, where it was assigned case number 4:18-cv-00403. (*Id.*) Pursuant to the mandatory arbitration provisions in the franchise agreement, SGO commenced an arbitration proceeding before the American Arbitration Association in Michigan for breach of contract, wrongful termination, and failure to comply with post-termination obligations on February 9, 2018. (*Id.* at PgID 2, ¶¶ 3–4.) Accordingly, the action before the United States District Court for the Southern District of Texas was stayed pending arbitration on February 26, 2019. (*Id.* at PgID 2–3, ¶ 5.)

Edward H. Pappas, Esq. was appointed to be the arbitrator. (*Id.* at PgID 4, ¶ 17.) Respondents initially appeared and participated in the arbitration through counsel and were notified of a hearing in the matter on March 18, 2019 in Troy, Michigan, but they elected not to attend the hearing. (*Id.* at PgID 4–5, ¶¶ 16, 18.) On May 7, 2019, the arbitrator rendered a final award in favor of SGO. (*Id.* at PgID 5, ¶ 19.)

The award included liquidated damages of $19,762.02, assessed jointly and severally against Begotten and the McIntyres, attorneys' fees and costs of $93,299.49 plus judgment interest, an order to comply with the post-termination obligations of the franchise agreement, and the costs of the arbitration—$12,630.00 to be reimbursed to SGO. (ECF No. 1-1, Arbitration Award, PgID 10–11.) In total, the final award required Respondents to pay SGO $125,691.51. (ECF No. 1, Petition, PgID 5, ¶ 19.) Respondents did not challenge the final award and it has not been vacated, modified, or corrected. (*Id.* at ¶ 20 n.2.)

SGO filed its Petition to Confirm Arbitration Award in this Court on September 17, 2019. (*Id.* at PgID 8.) Respondents were served on October 3, 2019. (ECF Nos. 7, 8, 9.) The Clerk of Court entered defaults against all three Respondents for failure to plead or otherwise defend on November 20, 2019. (ECF Nos. 12, 13, 14.) SGO filed the instant Motion for Default Judgment on January 27, 2020. (ECF No. 15.)

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *See United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (detailing the required "sequence of steps" for a default judgment). The entry of a default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). In other words, all of a plaintiff's well-pleaded allegations are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006).

Once the clerk enters the default, the party may then file for a default judgment by the clerk or by the court. Fed. R. Civ. P. 55(b). Where damages are for an uncertain amount, a party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the court must exercise "sound judicial discretion" when determining whether to enter the judgment. Wright & Miller, *10A Federal Practice & Procedure*, § 2685 (3d ed. 1998) (collecting cases). The court may consider the following factors: (1) possible prejudice to the plaintiff from the defendant's failure to respond; (2) the merits of

the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002).

Once it determines that the party is entitled to a default judgment, the Court may either enter a default judgment in a certain amount, or conduct a hearing to determine the appropriate amount of damages. "Fed. R. Civ. P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect." *Cross*, 441 F. Supp. 2d at 848. Whatever its form, the District Court's inquiry must be sufficient to "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. May 11, 2009). Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

### IV. ANALYSIS

A default judgment must be both procedurally and substantively fair. Procedurally, "[i]n order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process." *Cross*, 441 F. Supp. 2d at 845 (citing *Antoine*, 66 F.3d 105). "Due

process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2004). Substantively, the facts must be "sufficient to support a finding of liability as to each defendant." *Cross*, 441 F. Supp. 2d at 848.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship diversity "such that no plaintiff is a citizen of the same state as any defendant," and an amount in controversy in excess of $75,000.00. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Unincorporated entities, such as limited liability companies and traditional trusts, have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92 (1990)).

Here, Petitioner is a Michigan limited liability company with a principal place of business in Maryland. (ECF No. 10, Plaintiff's Identification of its Members, PgID 32.) SGO has a single member, Sign & Graphics Holdings LLC, which has a single member, Alliance Franchise Brands LLC, which has nine members, two traditional trusts, one corporation, and six individuals. (*Id.* at PgID 32–34.) Five of the individuals are citizens of Michigan, and one individual is a citizen of Maryland. (*Id.* at PgID 33–34.) Both trusts have only one trustee, each of

6

which is a citizen of Michigan. (*Id.* at PgID 33.) The corporation is a citizen of Michigan, the state where it was incorporated and where it maintains a principal place of business. (*Id.*) Thus, SGO is a citizen of Michigan and Maryland. All three Respondents are citizens of Texas—Begotten was incorporated in Texas where it had its principal place of business. (ECF No. 1, Petition, PgID 3, ¶¶ 9–11.) There is complete diversity between the parties, so subject matter jurisdiction exists.

Personal jurisdiction also exists here. Parties may contractually consent to the personal jurisdiction of a given court. *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964) ("[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court.") According to the allegations in the Petition, deemed admitted by entry of the default, *Antoine*, 66 F.3d at 110, Respondents "expressly consented in writing to the personal jurisdiction of this Court." (ECF No. 1, Petition, PgID 4, ¶ 14.)

Service of process was also proper. According to Federal Rule of Civil Procedure 4(e)(2), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." A corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing

7

or general agent, or any other agent authorized by appointment or by law to receive service or process." Fed R. Civ. P. 4(h)(1)(B).

Petitioner provided proofs of service indicating that three copies, one for each Respondent, of the summons and petition were served on Respondent Anita McIntyre on October 3, 2019. (ECF Nos. 7, 8, 9.) Thus, Anita McIntyre was served personally, Phil McIntyre was served by leaving the documents at his dwelling with a person of suitable age and discretion, and Begotten was served by leaving the documents with an authorized agent. Fed. R. Civ. P. 4(e)(2)(A-B), (h)(1)(B). Granting a default judgment is consistent with the requirements of due process.

Substantively SGO is legally entitled to a default judgment on its petition because, "[u]nder the terms of [9 U.S.C.] § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Respondents did not challenge the arbitration award under 9 U.S.C. § 12, and it was not vacated, modified, or corrected under 9 U.S.C. § 10 or § 11. (ECF No. 1, Petition, PgID 5, ¶ 20 n.2.) Thus, granting a default judgment is consistent with the Federal Arbitration Act.

## V. CONCLUSION

For the reasons outlined above, the Court GRANTS Petitioner Sign & Graphics Operations LLC's Motion for Default Judgment (ECF No. 15), and

CONFIRMS the final award entered by arbitrator Edward H. Pappas on May 7, 2019 (ECF No. 1-1.)

IT IS SO ORDERED.

Dated: April 29, 2020                              s/Paul D. Borman
                                                   Paul D. Borman
                                                   United States District Judge

9